**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
CASE NO.:

EUGENIO BOLIGAN,

    Plaintiff,

vs.

ROADWAY, INC. D/B/A ROADWAY TOWING,
RECOVERY, & TRANSPORTATION, a Florida Profit Corporation
and ARIANA LOVATO, individually.

    Defendants.
_____/

**COMPLAINT**

Plaintiff EUGENIO BOLIGAN, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendants ROADWAY, INC., a Florida Profit Corporation D/B/A ROADWAY TOWING, RECOVERY, & TRANSPORTATION (hereinafter, "ROADWAY TOWING"), and ARIANA LOVATO, individually (hereinafter, "LOVATO") (collectively "DEFENDANTS") and states as follows:

**JURISDICTION AND VENUE**

1. This is an action by the Plaintiff for damages and other relief for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"), and for unlawful termination committed by Defendants under Florida's private sector Whistleblower's Act, Fla. Stat. § 448.101 ("FWA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendants, which at all material

1

times conducted, and continues to conduct, business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction there.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

5. Plaintiff at all times pertinent to this complaint resided within Miami-Dade County, Florida. Plaintiff is over the age of eighteen and otherwise sui juris. During all times relevant to this Complaint, Plaintiff was employed by Defendants as a tow truck driver. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant ROADWAY TOWING is a Florida profit corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. Defendant has its principal place of business in Miami, Florida.

7. Defendant ROADWAY TOWING is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8. At all times material to this Complaint, ROADWAY TOWING, has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or material including, but not limited to the following: wrenches, tow cables, flashlights, batteries, telephones, paper goods, invoice sheets, office supplies, pens, and other office and tow-related material. Those goods and/or materials have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

9. Specifically, Defendant ROADWAY TOWING operates and specializes in performing towing services to automobiles.

10. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regular and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions utilizing telephones, computers, machinery, materials, and supplies.

11. Defendant ROADWAY TOWING upon knowledge and belief, has had gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

12. Defendant ARIANA LOVATO is a manager, and exercised operational control over the activities of, corporate Defendant, ROADWAY TOWING.

13. Defendant ARIANA LOVATO acted directly in the interest of the corporate Defendant, ROADWAY TOWING. Upon all available information, ARIANA LOVATO controlled the manner in which Plaintiff performed his work and the pay he was to receive.

14. All defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

15. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

16. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## **FACTUAL ALLEGATIONS COMMON TO COUNTS I-II**

17. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

18. Specifically, Plaintiff performed work for Defendants as a non-exempt tow truck driver from on or about February 1, 2020 until on or about February 12, 2021.

19. During Plaintiff's employment, Plaintiff regularly worked twelve (12) hours per day, six (6) days per week.

20. Accordingly, during the course of his employment, Plaintiff regularly worked 72 hours per work week.

21. During Plaintiff's employment Defendants compensated Plaintiff and all employees similarly situated, by paying 20% or 25% of the service fee charged.

22. Most of the work assigned to Plaintiff was towing cars. Defendants charged between $125.75 and $169.50 per car.

23. During his employment, Plaintiff would tow on average between eight (8) to eleven (11) cars per day.

24. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

25. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) each week, as proscribed by the laws of the United States and the State of Florida.

26. Defendants knew that Plaintiff was working overtime, and that Federal law requires employees to be compensated at time and one-half per hour for overtime pay.[1]

27. Defendants maintained complete control over the hours Plaintiff worked and the pay he was to receive.

### FACTUAL ALLEGATIONS COMMON TO COUNTS III-V

28. Throughout Plaintiff's employment, Plaintiff was the subject of battery by supervisor Alain (LNU).

29. Throughout the course of Alain's employment with the Defendants, he regularly exhibited disorderly and irrational behavior at the Defendant's premises.

30. Alain's disorderly and irrational conduct included but was not limited to being physically aggressive with employees and and speaking belligerently with customers.

31. On multiple occasions, Alain intentionally made uninvited, unauthorized offensive physical contact with Plaintiff.

32. These uninvited, unauthorized offensive physical contacts with Plaintiff were outside of Alain's scope of employment.

33. Specifically, when working on the same shift, Alain would constantly scream at Plaintiff and physically threaten Plaintiff.

34. On or about February 12, 2021, ALAIN (LNU) began yelling at the Plaintiff for parking his tow truck in a certain area of the parking lot. Plaintiff responded to the comments.

35. ALAIN (LNU) became enraged and approached the Plaintiff and struck him in the face with his fist.

---

[1] Upon information and belief, Defendants have been previously sued for violations of federal wage law and nevertheless continue to still violate the law.

36. Plaintiff promptly retreated and contacted the proper authorities to file a police report for the assault.

37. After the Miami Police Department arrived, ALAIN (LNU) and ARIANA LOVATO spoke with the police officer inside the ROADWAY TOWING office, while the Plaintiff spoke with a police officer outside.

38. ARIANA LOVATO directed the police officer to inform Plaintiff that if he followed through with a police report, he would be terminated.

39. Plaintiff was soon thereafter terminated. Any rationale proffered by Defendants for Plaintiff's termination is mere pretext for unlawful retaliation for whistleblower activity. Upon information and belief, Defendant's reason for termination (if any) is pretextual.

40. At all times throughout Plaintiff's employment, Plaintiff was qualified for his position and performed all of his duties in an exemplary fashion in a satisfactory or above satisfactory manner.

41. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

42. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

## COUNT I
## VIOLATION OF FLSA/OVERTIME
### against ROADWAY TOWING

43. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 and as if fully set forth herein.

44. This action is brought by Plaintiff to recover from Defendant ROADWAY TOWING unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207,

and § 448.01 Fla. Stat. *et seq.* 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

45. Since the commencement of Plaintiff's employment ROADWAY TOWING has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by employing employees engaged in commerce for workweeks longer than forty (40) hours without compensating them for all hours worked in excess of forty (40) hours at a rate not less than one and one half times his regular rate.

46. Specifically, throughout his employment Plaintiff regularly worked at least 72 hours during each workweek in which he was employed.

47. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

48. ROADWAY TOWING is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). ROADWAY TOWING's business activities involve those to which the Fair Labor Standards Act applies.

49. The Plaintiff was a tow truck driver and was at all relevant times, covered by the FLSA.

50. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that he was neither a bona fide executive, administrative, or

professional employee. Plaintiff performed manual labor tasks and did not have decision-making authority.

51. ROADWAY TOWING has knowingly and willfully failed to pay Plaintiff at time and one half of his regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

52. By reason of the said intentional, willful and unlawful acts of ROADWAY TOWING, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

53. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

54. ROADWAY TOWING never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

55. As a result of ROADWAY TOWING's willful violations of the Act, Plaintiff is entitled to liquidated damages.

56. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from ROADWAY TOWING.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant ROADWAY TOWING:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT II
### VIOLATION OF FLSA/OVERTIME
### against ARIANA LOVATO

57. Plaintiff, re-alleges and reaffirms paragraphs 1 through 27 as if fully set forth herein.

58. At the times mentioned, Defendant ARIANA LOVATO was, and is now, a manager of corporate Defendant, ROADWAY TOWING.

59. ARIANA LOVATO was an employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that ARIANA LOVATO acted directly in the interests of Defendant ROADWAY TOWING in relation to their employees including Plaintiff.

60. Specifically, ARIANA LOVATO supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

61. ARIANA LOVATO had operational control of the business and is thus jointly liable for Plaintiff's damages.

62. Defendant ARIANA LOVATO willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant ARIANA LOVATO:

A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

   intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF THE FLORIDA PRIVATE SECTOR
## WHISTLEBLOWER'S ACT. SECTION 448.101
## against ROADWAY TOWING

63. Plaintiff, re-alleges and reaffirms paragraphs 1 through 16 and 28 through 42 as if fully set forth herein.

64. At all times material hereto, Defendant failed to comply with Florida's private sector Whistleblower's Act, Florida Statute Section 448.102, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: …(2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer."

65. Plaintiff contacted the Miami Police Department after being assaulted by ALAIN (LNU) and filed a police report due to the assault.

66. Defendant terminated Plaintiff after confirmed that he proceeded with the filing of the police report.

67. Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employment action by Defendant as a result of objecting to activities in violation to the law.

68. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

69. The termination of Plaintiff's employment by Defendant was on the basis of Plaintiff providing information to the appropriate governmental agency for a violation of the law– the police department.

70. Under the Private Whistleblower Protection Act, Plaintiff is protected from adverse employment action by Defendant as a result of objecting to activities in violation to federal regulations.

71. At all relevant times aforementioned, including at the time of Plaintiff's termination, Defendant, was aware of Plaintiff's rights as an employee, under Florida Laws and Regulations.

72. At the time of termination, Plaintiff was qualified for and able to adequately perform the essential job functions as required by Defendant.

73. Defendant's termination of Plaintiff's employment was directly and proximately caused by the Defendant's unjustified retaliation for Plaintiff's objections to illegal activity.

74. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses, physical injury, as well as mental pain and suffering.

75. Any allegedly justified reason for Plaintiff's termination asserted by Defendant is a mere pretext for the actual reason for termination—Plaintiff's objections to the aforementioned illegal activity.

76. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to the FWA which protects a person from retaliation for opposing illegal conduct.

77. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff respectfully requests that this court order the following:

A. Grant a permanent injunction enjoining Defendant its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the FWA.

B. Reinstate Plaintiff to the same position held before the retaliatory personnel action, or to an equivalent position.

C. Reinstate full fringe benefits and seniority rights to Plaintiff.

D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to objections to illegal activity.

E. Award any other compensation allowed by law including attorney's fees.

## COUNT IV
## VICARIOUS LIABILITY/RESPONDENT SUPERIOR
## against ROADWAY TOWING

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 and 28 through 42 of this complaint as if set out in full herein.

79. At all times material hereto, as employee of Defendant, supervisor Alain (LNU), was the actual or apparent agent of Defendant, in furtherance of the business and management of the entity.

80. Alain (LNU) committed the tortious act(s) described above within the course and scope of his agency and at all material times his conduct occurred within the time and space limits of his work as actually or apparently was authorized by the Defendant.

81. At all times relevant hereto the Defendant did employ agents, employees, officers, staff, administrators, representatives and/or maintenance personnel, and said Defendant, exercised jurisdiction and control over the procedures which said agents, employees, officers, staff, administrators, representatives, and/or maintenance personnel had the privilege to perform.

82. At all times material hereto, Rogers held a position of supervisor and in the course of his duties Defendant gave Rogers the authority and discretion to make decisions that affected Plaintiff's employment.

83. The Defendant knew, or in the exercise of reasonable care should have known, that Alain involved the risk of harm to the Defendant's clients and employees.

84. At all times material hereto Defendant, failed to exercise due care in properly investigating and remedying allegations and complaints of workplace violence and harassment.

85. In conscious disregard of the rights and safety of the Defendant's employees, Defendant failed to investigate Plaintiff's complaints and otherwise negligently failed to terminate Alain's employment and as a direct and proximate result of the same Alain harassed and assaulted Plaintiff on the Defendant's premises.

86. After the Defendant received notice that Alain was habitually harassing Plaintiff, it was unreasonable for the Defendant to not investigate or terminate him and remove him from a position of supervisor.

87. Defendant is liable for their agent's wrongful conduct pursuant to the doctrine of respondeat superior.

88. As a direct and proximate result of Defendant's negligence, Plaintiff suffered both physical and psychological injury resulting in significant emotional anguish, pain and suffering and loss of dignity damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A. For an award of compensatory damages in an amount to be determined at trial;

B. For an award of punitive damages in an amount to be determined at trial;

C. For an award of pre-judgment interest;

D. For an award of post-judgment interest;

E. For an award of such other relief as the court deems just and proper.

## COUNT V
## NEGLIGENT RETENTION
## against ROADWAY TOWING

89. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 16 and 28 through 42 of this complaint as if set out in full herein.

90. At all times material hereto, Defendant had a duty to exercise reasonable care to manage its employees as to prevent them from harming others while performing work for the Defendant.

91. At all times material hereto Defendant, failed to exercise due care in properly investigating and remedying allegations and complaints against Alain.

92. After the Defendant received notice that Alain was habitually physically aggressive towards Plaintiff, it was unreasonable for the Defendant to not investigate Alain or terminate him and remove him from the Defendant's premises.

93. In conscious disregard of the rights and safety of the Defendant's employees, Defendant failed to investigate Plaintiff's complaints and otherwise negligently failed to terminate Alain's employment and as a direct and proximate result of the same Alain harassed and assaulted Plaintiff on the Defendant's premises.

94. As a direct and proximate result of Defendant's negligence, Plaintiff suffered both physical and psychological injury resulting in significant emotional anguish, pain and suffering and loss of dignity damages.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

A. For an award of compensatory damages in an amount to be determined at trial;

B. For an award of punitive damages in an amount to be determined at trial;

C. For an award of pre-judgment interest;

D. For an award of post-judgment interest;

E. For an award of such other relief as the court deems just and proper.

## JURY DEMAND

Plaintiff EUGENIO BOLIGAN demands trial by jury of all issues triable as of right by jury.

Dated: March 18, 2021  Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
1414 NW 107th Ave,
Suite 302
Doral, FL 33172
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com